# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| TANGELA HOLDEN,<br>　　　　　　Appellant,<br><br>　　　　v.<br><br>DEPARTMENT OF THE TREASURY,<br>　　　　　　Agency. | DOCKET NUMBER<br>AT-0752-15-0286-I-1<br><br><br><br>DATE: March 4, 2016 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Elizabeth Morse, Esquire, and Bobby Devadoss, Esquire, Dallas, Texas, for
　　the appellant.

Charlie W. Priest, Esquire, and John F. Dymond, Esquire, Atlanta, Georgia,
　　for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed her removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        Effective January 9, 2015, the agency's Internal Revenue Service removed the appellant from her GS-7 Correspondence Examination Technician position based on eight specifications of improperly accessing taxpayer data on the Integrated Data Retrieval System without an official reason to do so. Initial Appeal File (IAF), Tab 4, Subtab 4A at 3, Subtabs 4B, 4E. In an initial decision issued on the written record because the appellant withdrew her request for a hearing, IAF, Tab 1 at 2, Tab 16, the administrative judge affirmed the removal action. The appellant admitted accessing the files but contended she was authorized to do so because she did so at the taxpayers' request and with their consent. IAF, Tab 19 at 15. The administrative judge found, however, that the agency's unauthorized access (UNAX) policy prohibits access resulting from informal requests not handed down through official channels. IAF, Tab 24, Initial Decision (ID) at 3. The administrative judge also found that the penalty of removal was reasonable; he considered the appellant's disparate penalty argument but found that the agency established a legitimate reason for imposing a lesser penalty in all of the comparison cases. ID at 3-7.

¶3        The appellant asserts on review that the penalty of removal is unreasonable because it is inconsistent with lesser penalties imposed on other employees who

committed similar misconduct, and because removal is inconsistent with the agency's table of penalties. Petition for Review (PFR) File, Tab 1. To establish disparate penalties, the appellant must show that there is enough similarity between both the nature of the misconduct and other factors, such as whether the appellant and the comparator were in the same work unit, had the same supervisor or deciding official, and whether the events occurred relatively close in time, to lead a reasonable person to conclude that the agency treated similarly situated employees differently. *Boucher v. U.S. Postal Service*, 118 M.S.P.R. 640, ¶ 20 (2012); *Lewis v. Department of Veterans Affairs*, 113 M.S.P.R. 657, ¶ 15 (2010). However, the Board will not have hard and fast rules regarding the outcome determinative nature of these factors. *Lewis*, 113 M.S.P.R. 657, ¶ 15. If an appellant makes this showing, the agency then must prove a legitimate reason for the difference in treatment. *Boucher*, 118 M.S.P.R. 640, ¶ 20.

¶4      The appellant identified six comparators in the same position she held who received proposed removals for UNAX violations. None were removed. Instead, 2 received letters of caution, 1 received a 14-day suspension, 1 received a 15-day suspension, and 2 received 30-day suspensions. Although the appellant's analysis of the similarities between these six cases and her case is thorough, it is ultimately unpersuasive for the reasons discussed below.

¶5      In case #2014-11532, the employee accessed his son's records one time on his own initiative without a business reason for doing so and without the taxpayer's consent. IAF, Tab 14 at 15-16. He received a letter of caution. *Id.* The appellant accessed the records of close family and friends, but at their request and with their consent.

¶6      In case #2013-11175, the employee accessed the records of her daughter's former mother-in-law one time without a business reason. IAF, Tab 14 at 17-18. The employee claimed she did not remember the incident and speculated that it might have been a simple keystroke error. *Id.* at 17. She received a 15-day suspension. *Id.* In contrast, the appellant was honest and forthright about her

misconduct. However, case #2013-11175 contained mitigating factors that the appellant's case did not. The employee there had a long-term medical condition and she suffered the death of her husband 3 weeks before the misconduct. *Id.*

¶7　　In case #2011-17089, the employee accessed the records of a taxpayer in a case that was not assigned to him. IAF, Tab 14 at 19-21. It appears that the case previously had been assigned to him but was taken away and reassigned to someone else because of management's dissatisfaction with the employee's handling of the case. *Id.* at 19. The employee later accessed the taxpayer's records because he was curious about what happened to the case after it was reassigned. *Id.* at 18. The employee self-reported his misconduct and had no prior discipline. *Id.* He received a letter of caution. *Id.* at 19-21. The appellant had never been assigned to the cases she accessed without authorization, but she had the consent of the taxpayers whose records she accessed.

¶8　　In case #2008-12912, the employee accessed her son's record at his request to make sure his address of record was correct. IAF, Tab 14 at 22-23. She received a 14-day suspension. *Id.* at 22-23. The appellant also acted at the taxpayers' request and with their consent.

¶9　　In case #2009-4048, the employee accessed her boyfriend's record (he was also a dependent on her return). IAF, Tab 14 at 24-25. She received a 30-day suspension. *Id.* However, there were mitigating factors that the deciding official in that case believed warranted a reduced penalty, such as the employee's 20 years of unblemished service, her outstanding performance, the taxpayer's "buy-in," and the fact that it was a single incident. *Id.* at 24.

¶10　　Lastly, in case #2009-17908, the employee four times accessed the records of her son's father, with whom she had a long-standing dispute over unpaid child support. IAF, Tab 14 at 26-27. This employee, who was suspended for 30 days, was not forthcoming during the investigation and the agency was about to propose discipline for her behavior during a conflict with a coworker. *Id.* The appellant's case did not involve those aggravating factors.

¶11 The obvious distinction between the appellant's misconduct and that of the six comparators is that she engaged in eight separate UNAX violations. Five of the comparators had only one violation, and the sixth had four violations. Given the clarity with which the appellant was put on notice of the agency's strict UNAX policy, *see* ID at 3, the appellant's misconduct appears to be more serious than that of the comparators. We agree with the administrative judge that the agency established by preponderant evidence that it had a legitimate reason for treating the appellant differently. ID at 6-7.

¶12 The appellant also argues that removal is inconsistent with the agency's table of penalties. PFR File, Tab 1 at 10-11. According to the appellant, the table of penalties provides for a 30-day suspension for a first offense of UNAX when a covered taxpayer requests assistance through other than official channels. PFR File, Tab 1 at 11; *see* IAF, Tab 4, Subtab 4H at 25-26 (section C). Both the notice of proposed removal and the removal decision letter are silent on which particular section of the table of penalties applies, but it is clear from the sworn declarations of both the proposing and deciding officials that the agency takes the position that the appellant's offense fits not under section C, but under section D. IAF, Tab 20 at 20, 29. Sections C and D both involve UNAX when a covered taxpayer requests assistance through other than official channels, but section D pertains to those offenses when the type of assistance provided was outside the scope of the employee's duties. IAF, Tab 4, Subtab 4H at 26. The penalty for a first offense of this nature is removal. *Id.* Both the deciding official and the proposing official stated under oath and without rebuttal that the assistance here was outside the scope of the appellant's duties. IAF, Tab 20 at 20, 29. The appellant worked with a certain type of audits; her job required her to interact with taxpayers via telephone, but only those taxpayers who contacted the IRS with questions or concerns about an audit that was already in process and after the IRS had already corresponded with the taxpayer. The appellant did not work on the agency's general tax help line, but here she provided assistance typical of

what occurs on the general line, namely, checking on the status of tax refunds. Because the appellant provided assistance that was outside the scope of her position, her misconduct falls under section D, for which the penalty for a first offense is removal. Thus, there is no inconsistency with the agency's table of penalties.

¶13    We have reviewed the administrative judge's remaining findings and find, as he did, that the deciding official considered the *Douglas* factors most relevant to this case and reasonably exercised her management discretion in arriving at the penalty of removal under the circumstances of this case. The appellant's removal is affirmed.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United

States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.